Mark S. Middlemas, USB No. 9252
Tom Cook, USB No. 5846
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for Granite View Holdings LLC
L&A Case No. 19.74573.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re: | Bankruptcy No. 19-26038 JTM |
| Irene Elizabeth Noorda, | (a Chapter 13 case) |
| | Filed Electronically |
| Debtor | |

MOTION OF GRANITE VIEW HOLDINGS LLC FOR
TERMINATION OF THE AUTOMATIC STAY **AND REQUEST FOR RELIEF
PURSUANT TO 11 U.S.C. § 362(d)(4)(A)**

Pursuant to 11 U.S.C. §362(d)(1) and U.S.C. § 362(d)(4)(A), Bankruptcy Rules 4001 and

9014 and Local Rules 4001-1 and 9013-1, Granite View Holdings LLC ("Creditor"), a secured

creditor of the above-referenced debtor, moves the Court to terminate the automatic stay and to

grant relief pursuant to U.S.C. § 362(d)(4)(A). Creditor represents as follows:

1.      On August 19, 2019, the debtor filed a petition commencing a case under Chapter

13, Title 11, United States Code.

2.      On or about January 10, 2017,  Dustin Christensen, Trustee of The 3154 S. 8400

W. Trust dated January 10, 2017 ("Borrower") executed and delivered to US Title, as trustee for the benefit of Granite View Holdings LLC, as beneficiary, a certain Deed of Trust (the "Trust Deed") to secure the performance by the debtor of the obligations under a certain Trust Deed Note (the "Note") executed and delivered for valuable consideration to Lender on or about October 3, 2018. Copies of the Trust Deed and Note are attached as **Exhibits A and B**.

3.      Creditor's motion seeks an order of the Court terminating the automatic stay with respect to property (the "Property") in which the debtor has an interest, said Property being located at 3154 South 8400 West, Magna, in Salt Lake County, Utah 84044, more particularly described as:

> Beginning North 89°49' West 33 feet and South 0°11' West 352 feet from Center Section 29, Township 1 South Range 2 West, Salt Lake Base and Meridian; thence North 89°49' West 135.5 feet; thence South 0°11' West 56 feet; thence South 89°49' East 135.5 feet; thence North 0°11' East 56 feet to the point of beginning.

4.      The Trust Deed, recorded October 3, 2018, created a valid security interest in the Property in favor of Creditor.

### THE DEFAULT

5.      The Borrower defaulted under the terms of the Note and Deed of Trust and a Notice of Default was recorded on April 2, 2019. A copy of the Notice of Default is attached and marked as **Exhibit C**. The debtor and borrower have failed to cure the outstanding delinquency.

6.      Creditor scheduled a trustee's sale to be held on August 19, 2019 at 11:00 a.m. A copy of the Notice of Trustee's Sale is attached and marked as **Exhibit D**. Creditor has postponed the trustee's to September 3, 2019, but intends to postpone again consistent with state law.

## THE SAME DAY QUIT-CLAIM DEED

7.     The debtor acquired the property described in the Trust Deed (the "Property") and assumed the obligations of the Borrower under the terms of the Trust Deed and Note by a Quit Claim Deed recorded August 19, 2019 at 9:31 a.m., an hour and half before the scheduled trustee's sale at 11:00 a.m. A copy of the Quit-Claim Deed is attached and marked as **Exhibit E**.

## THE *PRO SE* FILING

8.     Irene Elizabeth Noorda, filed a Chapter 13 case, 19-26038 JTM, as *pro se,* on August 19, 2019. The *pro se* debtor has not filed a Chapter 13 plan in her case, nor has she filed other necessary documents to prosecute her case.

9.     Neither the debtor nor the borrower have cured the outstanding default. The Note matured on January 3, 2019. As of August 27, 2019, Creditor is owed not less than $34,985.00, which amount is in default and immediately due and owing. See, Ex. B.

10.     The automatic stay provided under 11 U.S.C. §362(a) should be terminated as to Creditor, and its successors and assigns. Once stay is terminated, creditor may proceed, pursuant to applicable non-bankruptcy law, to exercise all of its legal remedies and rights, including any right of assessment of reasonable fees and costs as provided by contract or statute, against the above-described property. In the alternative, the debtor should be ordered to provide Creditor with adequate protection of its interest in the Property.

## REQUEST FOR RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)(A)

11.     Creditor requests relief pursuant to 11 U.S.C. § 362(d)(4)(A) based on the debtor's involvement in a scheme to hinder, delay or defraud the secured creditor consisting of a transfer

of ownership in the secured real property without the consent of the secured creditor or court approval.

12.    Specifically, the Borrower, transferred an interest in the Property to the *pro se* debtor Irene Elizabeth Noorda on August 19, 2019 at 9:31 a.m., immediately before the scheduled trustee's sale, set for 11:00 a.m. The debtor, based on her newly acquired interest in the Property, filed her *pro se* Chapter 13 case, and stopped the trustee's sale . <u>See</u>, Exs. D- E. Neither the court nor the Creditor authorized the transfer. The transfer was part of a scheme to prevent Creditor from completing the foreclosure against the Property.

13.    The *pro se* debtor has not filed a plan, her Statement of Financial Affairs, or other necessary documents, nor does it appear that she claims any other legitimate interest that would justify invoking the automatic stay to thwart an otherwise lawful foreclosure of a Property, secured by a loan she is not obligated to pay, and against a property for which she only received a title interest moments immediately before the trustee's sale. <u>See</u>, Exs. A-B, E.

14.    Based on the property interest transfer scheme outlined above, Creditor is entitled to the additional relief under 11 U.S.C. § 362(d)(4)(A) in order to prevent further abuse of the secured creditor and the bankruptcy court.

15.    Once relief is granted pursuant to 11 U.S.C. § 362(d)(4)(A), Creditor intends to record the order for relief in the Office of the Salt Lake County Recorder against the Property to prevent the automatic stay from taking effect against the property for a period of two years. Given the debtor's and borrower's scheme and efforts to hinder, delay or defraud the Creditor in this case, Creditor also requests the court waive the 14 day stay pursuant to Federal Rule of

Bankruptcy Procedure 4001(a)(3).

## **CONCLUSION**

Creditor requests the court terminate the automatic stay based on 11 U.S.C. § 362(d)(1), for cause, based on the matured balloon note, and grant relief against the subject secured property pursuant to 11 U.S.C. § 362(d)(4)(A) based on the debtor's involvement in a scheme to hinder, delay or defraud the Creditor involving the transfer of a title interest to stop a trustee's sale without permission of the court or Creditor. Creditor further requests the court waive the 14-day stay otherwise applicable to the order for relief under Federal Rule of Bankruptcy Procedure 4001(a)(3).

DATED: August 28, 2019.

LUNDBERG & ASSOCIATES, PC

By: /s/Mark S. Middlemas
Mark S. Middlemas
Attorneys for Creditor

Exhibit "A"

**12861334**
**10/3/2018 2:58:00 PM $16.00**
**Book - 10718 Pg - 6792-6795**
**ADAM GARDINER**
**Recorder, Salt Lake County, UT**
**US TITLE**
**BY: eCASH, DEPUTY - EF 4 P.**

When Recorded Mail To:

Granite View Holdings LLC
8831 S Redwood Rd, Ste D2
West Jordan, UT 84088

## DEED OF TRUST
## WITH ASSIGNMENT OF RENTS

This Deed of Trust is made this 3rd day of October 2018, between Dustin Christensen, Trustee of The 3154 S 8400 W Trust dated January 10, 2017, as trustor, US Title, as trustee, and Granite View Holdings LLC, as BENEFICIARY.

WITNESSETH: That Trustor hereby CONVEYS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following described property situated in **Salt Lake** County, State of **Utah**:

*Tax Serial No.*

*Legal Description:*     Beginning North 89°49' West 33 feet and South 0°11' West 352 feet from Center Section 29, Township 1 South, Range 2 West, Salt Lake Base and Meridian; thence North 89°49' West 135.5 feet; thence South 0°11' West 56 feet; thence South 89°49' East 135.5 feet; thence North 0°11' East 56 feet to the point of beginning.

*Also described as:*     3154 South 8400 West, Magna, UT 84044

Together with all buildings, fixtures and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits.

For the Purpose of Securing:
(1) Payment of the indebtedness evidenced by a promissory note of even date hereof in the principal sum of

Forty Thousand **Dollars (U.S. $40,000.00)**

made by Trustor, payable to the order of Beneficiary at the times, in the manner and with interest as therein set forth, and any extensions and/or renewals or modifications thereof; (2) the performance of each agreement of Trustor herein contained; (3) the payment of such additional loans or advances as hereafter may be made to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust; and (4) the payment of all sums expended or advanced by Beneficiary under or pursuant to the terms hereof, together with interest thereon as herein provided.

To Protect The Security of This Deed of Trust, Trustor Agrees:

1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to comply with all laws, covenants and restrictions affecting said property; not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violation of law; to do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

*Ent 12861334 BK 10718 PG 6792*

connection with such taking or damage. All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may, after deducting there from all its expenses, including attorney's fees, apply the same on any indebtedness secured hereby. Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

11. At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Deed of Trust and the note for endorsement (in case of full reconveyance, for cancellation and retention) without affecting the liability of any person for the payment of the indebtedness secured hereby, and without releasing the interest of any party joining in this Deed of Trust, Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Deed of Trust or the lien or charge thereof; (d) grant any extension or modification of the terms of this loan; (e) reconvey, without warranty, all or any part of said property. The grantee in any reconveyance may be described as "the person or persons entitled thereto", and the recitals therein of any matters of facts shall be conclusive proof of the truthfulness thereof. Trustor agrees to pay reasonable trustee's fees for any of the services mentioned in this paragraph.

12. As additional security, Trustor hereby assigns to Beneficiary, during the continuance of these trusts, all rents, issues, royalties, and profits of the property affected by this Deed of Trust and of any personal property located thereon. Until Trustor shall default in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, Trustor shall have the right to collect all such rents, issues, royalties, and profits earned prior to default as they become due and payable. If Trustor shall default as aforesaid, Trustor's right to collect any of such moneys shall cease and Beneficiary shall have the right, with or without taking possession of the property affected hereby, to collect all rents, royalties, issues, and profits. Failure or discontinuance of Beneficiary at any time or from time to time to collect any such moneys shall not in any manner affect the subsequent enforcement by Beneficiary of the right, power, and authority to collect the same. Nothing contained herein, nor the exercise of the right by Beneficiary to collect, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Deed of Trust to any such tenancy, lease or option.

13. Upon any default by Trustor hereunder, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court (Trustor hereby consenting to the appointment of Beneficiary as such receiver), and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue for or otherwise collect said rents. issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

14. The entering upon and taking possession of said property, the collection of such rents, issues, and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of said property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice or default hereunder or invalidate any act done pursuant to such notice.

15. The failure on the part of Beneficiary to promptly enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent default.

16. Time is of the essence hereof. Upon default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of Beneficiary. In the event of such default, Beneficiary may execute or cause Trustee to execute a written notice of default and of election to cause said property to be sold to satisfy the obligations hereof, and Trustee shall file such notice for record in each county wherein said property or some part or parcel thereof is situated. Beneficiary also shall deposit with Trustee, the note and all documents evidencing expenditures secured hereby.

17. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default and notice of sale having been given as then required by law, Trustee, without demand on

Trustor, shall sell said property on the date and at the time and place designated in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder, the purchase price payable in lawful money of the United States at the time of sale. The person conducting the sale may, for any cause he deems expedient, postpone the sale from time to time until it shall be completed and, in every such case, notice of postponement shall be given by public declaration thereof by such person at the time and place last appointed for the sale; provided, if the sale is postponed for longer than one day beyond the day designated in the notice of sale, notice thereof shall be given in the same manner as the original notice of sale. Trustee shall execute and deliver to the purchaser its Deed conveying said property so sold, but without any covenant of warranty, express or implied. The recitals in the Deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Beneficiary, may bid at the sale. Trustee shall apply the proceeds of the sale to payment of (I) the cost and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorney's fees; (2) cost of any evidence of title procured in connection with such sale and revenue stamps on Trustee's Deed; (3) all sums expended under the terms hereof, not then repaid at the rate as shown in the Note of even date herewith; (4) all other sums then secured hereby; and (5) the remainder, if any, to the person or persons legally entitled thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the County Clerk of the county in which the sale took place.

18. Trustor agrees to surrender possession of the hereinabove described Trust property to the Purchaser at the aforesaid sale, immediately after such sale, in the event such possession has not previously been surrendered by Trustor.

19. Upon the occurrence of any default hereunder, Beneficiary shall have the option to declare all sums secured hereby immediately due and payable and foreclose this Deed of Trust in the manner provided by law for the foreclosure of mortgages on real property and Beneficiary shall be entitled to recover in such proceedings all costs and expenses incident thereto, including a reasonable attorney's fee in such amount as shall be fixed by the court.

20. Beneficiary may appoint a successor trustee at any time by filing for record in the office of the County Recorder of each county in which said property or some part thereof is situated, a substitution of trustee. From the time the substitution is filed for record, the new trustee shall succeed to all the powers, duties, authority and title of the trustee named herein or of any successor trustee. Each such substitution shall be executed and acknowledged, and notice thereof shall be given and proof thereof made, in the manner provided by law.

21. This Deed of Trust shall apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including any pledgee, of the note secured hereby. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

22. Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless brought by Trustee.

23. This Deed of Trust shall be construed according to the laws of the State of Utah.

24. The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

25. Should the Trustor agree to or actually, sell, convey, transfer, or dispose of, or further encumber the real property described in this deed of trust securing the promissory note as referenced above, or any part of it, or any interest in it, without first obtaining the written consent of the holder of the promissory note, then all obligations secured by the promissory note and this deed of trust may be declared due and payable, at the option of the holder. Consent to one transaction of this type will not constitute a waiver of the right to require consent to future or successive transactions.

*BK 10718 PG 6794*

26. Trustor may not sell, transfer or encumber any interest in the Property, voluntarily or involuntarily, without Holder's prior written consent (which consent may not be unreasonably withheld), as long as Holder has not been paid in full under this Note. In the event of such a sale, transfer or encumbrance, Holder may, at its option, declare the entire outstanding balance due under this Note to be immediately due and payable.

Signature of Trustor(s)

Dustin Christensen, Trustee of The 3154 S 8400 W
Trust dated January 10, 2017

State of      Utah        )
County of _Sal Lake_ )

On the _3_ day of October 2018, before me, the undersigned Notary Public, personally appeared Dustin Christensen, known to me to be the Trustee or designated agent of the Trust that executed the above and acknowledged to be the free and voluntary act and deed of the Trust, by authority of statute, its Trust Agreement, for the uses and purposes therein mentioned, and an oath stated that they are authorized to execute said instrument freely and voluntarily for the purposes and use herein mentioned on behalf of the Trust.

NOTARY PUBLIC

NOTARY PUBLIC
COREY MCCOY
685478
Commission Expires
December 11, 2019
STATE OF UTAH

My Commission Expires: _Dec 11  2019_     Residing at:  _Taylorsville_

*BK 10718 PG 6795*

Exhibit "B"

# TRUST DEED NOTE

DO NOT DESTROY THIS NOTE: When paid, this note, with Trust Deed securing the same, must be surrendered to Trustee for cancellation before reconveyance will be made.

$40,000 U.S.                                                            Salt Lake County, Utah
                                                                       October 3, 2018

For value received, the undersigned, jointly and severally, promise to pay to the order of Granite View Holdings LLC the principal sum of **Forty Thousand Dollars ($40,000),** which includes a prepaid finance charge in the amount of $2,500.00, plus interest at a rate of 15.00% per annum.

> The monthly payment in the amount of $500.00 will be due and payable on the 3rd day of each month beginning on November 3, 2018. Any payment received more than 5 days after the due date will be assessed a 5% late fee. Payments shall be made to Granite View Holdings LLC, 8831 S Redwood Rd, Ste D2, West Jordan, UT 84088.

**My final payment will be due on January 3, 2019**, and will be for all principal, all accrued interest, and any late charges and/or collection costs not yet paid. Unless otherwise agreed, payments will be applied in the following order; first to accrued unpaid interest, and then to any accrued unpaid collection costs, late charges, and/or other charges, and any remaining to Principal.

If borrower is current on all payments, borrower may purchase 30 day extensions of the final due date by paying a fee of 1% of the outstanding balance per 30 day extension. No more than 3 extensions will be allowed. Extension fees are in addition to the monthly interest payment.

**LATE PAYMENT FEE**: If this note is not paid off by the due date, the unpaid balance will be assessed an additional default fee of 2% of the unpaid balance beginning on the first day of default and every 30 days thereafter. Additionally, the interest rate in default will be 18%.

If default occurs in the payment of said installments of principal or interest or any part thereof, the holder hereof, at holder's option and without notice or demand, may declare the entire principal balance and accrued interest immediately due and payable.

If this Note is collected by an attorney after default in the payment of principal or interest, either with or without suit, the undersigned agrees to pay all costs and expenses of collection including reasonable attorney's fees.

The makers, sureties, guarantors and endorsers hereof severally waive presentment for payment, protest, demand and notice of dishonor and nonpayment of this Note, and consent to any and all extensions of time, renewals, waivers or modifications that may be granted by the holders hereof with respect to the payment or other provisions of this Note, and to the release of any security, or any part thereof, with or without substitution.

This Note is secured by a Deed of Trust with even date herewith.

TRUSTORS:

**Dustin Christensen, Trustee of The 3154 S 8400 W Trust dated January 10, 2017**


**Dustin Christensen, as an individual**

Exhibit "C"

**After Recording Return To:**
Eagle Gate Title Insurance Agency, Inc.
59 West University Parkway
Orem, UT 84058
File No
Parcel ID #

12961245
4/2/2019 4:01:00 PM $10.00
Book - 10766 Pg - 4358
RASHELLE HOBBS
Recorder, Salt Lake County, UT
EAGLE GATE TITLE INS AGCY
BY: eCASH, DEPUTY - EF 1 P.

(See Above for County Recorder's Use)

## NOTICE OF DEFAULT AND ELECTION TO SELL

On or about October 3, 2018, Dustin Christensen, Trustee of The 3154 S 8400 W Trust dated January 10, 2017 , as trustor(s), executed a trust deed to secure the performance by the trustor(s) of promissory note obligations in favor of Granite View Holdings, LLC , as Beneficiary, and US Title , as original Trustee. The trust deed was recorded on October 3, 2018, as Entry No. 12861334 in book 10718 at page 6792, in the office of the Salt Lake County recorder, Utah, and covers the following real property:

Beginning North 89 degrees 49' West 33 feet and South 0 degrees 11' West 352 feet from Center Section 29, Township 1 South, Range 2 West, Salt Lake Base and Meridian; thence North 89 degrees 49' West 135.5 feet; thence South 0 degrees 11' West 56 feet; thence South 89 degrees 49' East 135.5 feet; thence North 0 degrees 11' East 56 feet to the point of beginning.

Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

The payment obligation set forth in the promissory note is in default. All delinquent monthly payments, together with all unpaid taxes, insurance and other obligations under the promissory note and trust deed are due. Under the provisions of the promissory note and trust deed, the unpaid principal balance is accelerated and now due, together with accruing interest, late charges, costs and trustees' and attorney's fees. Accordingly, the trustee has elected to sell the property described in the trust deed.

DATED: April 2, 2019

Eagle Gate Title Insurance Agency, Inc.

By: Chris Madison
Its: Attorney
59 West University Parkway
Orem, Utah 84058
Office Hours: 9:00 a.m. – 5:00 p.m.
801-802-0995

State of Utah )
              :ss
County of Salt Lake )

On the 2 day of April 2019 personally appeared before me Chris Madison, signer of the within instrument, who duly acknowledged to me that he is the Attorney of Eagle Gate Title Insurance Agency, Inc., executed the same pursuant to its by-laws (or by a resolution of its Board of Directors).



SETH STODDARD
Notary Public State of Utah
My Commission Expires on:
August 11, 2020
Comm. Number: 690040

Notary Public

Exhibit "D"

# NOTICE OF TRUSTEE'S SALE

The following described property will be sold at public auction to the highest bidder, payable in lawful money of the United States at the time of sale, at the Main Entrance of the Scott M. Matheson Courthouse, 450 South State Street, Salt Lake City, Utah on August 19, 2019, at 11:00 AM. of said day, for the purpose of foreclosing a trust deed originally executed on October 3, 2018 by Dustin Christensen, Trustee of The 3154 S 8400 W Trust, dated January 10, 2017 as trustor, in favor of Granite View Holdings LLC, covering real property purported to be located at 3154 South 8400 West, Magna, UT 84044 , and more particularly described as:

> Beginning North 89 degrees 49' West 33 feet and South 0 degrees 11' West 352 feet from Center Section 29, Township 1 South, Range 2 West, Salt Lake Base and Meridian; thence North 89 degrees 49' West 135.5 feet; thence South 0 degrees 11' West 56 feet; thence South 89 degrees 49' East 135.5 feet; thence North 0 degrees 11' East 56 feet to the point beginning.

Together with all improvements now or hereafter erected on the property, and all easement, appurtenances, and fixtures now or hereafter a part of the property.

Parcel No. █████████

The current beneficiary of the trust deed is Granite View Holdings LLC and the record owners of the property as of the recording of the notice of default are Dustin Christensen, Trustee of The 3154 S 8400 W Trust dated January 10, 2017.

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made without covenant or warranty, express or implied, regarding title, liens, possession, taxes, encumbrances, or condition of the property.

The sale is subject to bankruptcy filing, payoff, reinstatement or any other circumstance that would affect the validity of the sale. If any such circumstance exists, the sale shall be void, the successful bidder's funds returned and the trustee and current beneficiary shall not be liable to the successful bidder for any damage.

Bidders must be prepared to tender to the trustee a $10,000.00 deposit in the form of a cashier's check at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Final payment must be in the form of a wire to Eagle Gate Title Insurance Agency, Inc.  Cash payments and credit union official checks are not accepted. A trustee's deed will be delivered to the successful bidder within three business days after receipt of the amount bid.

Dated July 12, 2019

> Eagle Gate Title Insurance Agency, Inc.
> 59 West University Parkway
> Orem, Utah 84058
> File No. UT-80339-CM
>
> _____
> By:  Chris Madison
> Its:   Attorney

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**.
FOR QUESTIONS, CALL 801-802-0995, Regular Business Hours: Monday – Friday, 9:00a.m. to 5:00p.m., Mountain Time

Exhibit "E"

08/19/2019 09:31 AM $40.00
Book - 10817 Pg - 6308
RASHELLE HOBBS
RECORDER, SALT LAKE COUNTY, UTAH
IRENE NOORDA
4965 S WOODHAVEN DR
TAYLORSVILLE UT 84123
BY: MBA, DEPUTY - WI 1 P.

When Recorded Mail to:
Irene Noorda
4965 S Woodhaven Dr
Taylorsville, UT 84123

# QUIT CLAIM DEED

**Dustin Christensen, TRUSTEE** OF THE "3154 S 8400 W Trust" Dated January 10, 2017,
Grantor(s) of: the City of Salt Lake City, County of Salt Lake, State of Utah hereby QUIT
CLAIM(S) to **Irene Noorda**, GRANTEE(S) OF SALT LAKE COUNTY for the sum of ten dollars
and other good and valuable consideration, the following tract of land in Salt Lake County, State
of Utah, to wit:

> Beginning North 89 degrees 49' West 33 feet and South 0 degrees 11' West 352 feet
> from Center Section 29, Township 1 South, Range 2 West, Salt Lake Base and
> Meridian; thence North 89 degrees 49' West 135.5 feet; thence South 0 degrees 11'
> West 56 feet; thence South 89 degrees 49' East 135 .5 feet; thence North 0 degrees 11'
> East 56 feet to the point of beginning.

Parcel No.: ▮▮▮▮▮▮▮▮▮▮

WITNESS the hand of grantor, this _18_ day of August, 2019

_____

**Dustin Christensen**,
**TRUSTEE** OF THE "3154 S 8400 W Trust" Dated January 10, 2017

STATE OF UTAH)
              :SS
COUNTY OF SALT LAKE)

On the ___ day of August 2019, personally appeared before me **Dustin Christensen**,
**TRUSTEE** OF THE "3154 S 8400 W Trust" Dated January 10, 2017, the signer of the within
instrument, who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC



MARTIN STANLEY GOMEZ
NOTARY PUBLIC-STATE OF UTAH
COMMISSION# 687428
COMM. EXP. 02-08-2020